IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br><br>VS.<br><br><br>$241,856.95 IN FUNDS SEIZED FROM FIRST STATE BANK BROWNSBORO ACCOUNT NO. XXX3944;<br>(2) $62,323.30 IN FUNDS SEIZED FROM FIRST STATE BANK ATHENS ACCOUNT NO. XXX7273;<br>(3) 58,403.62 IN FUNDS SEIZED FROM PROSPERITY BANK ACCOUNT NO. XX8535;<br>(4) $49,390.68 IN FUNDS SEIZED FROM CITIZENS STATE BANK ACCOUNT NO. XXXX2382;<br>(5) $19,750.00 IN FUNDS SEIZED FROM TD AMERITRADE INC. ACCOUNT NO. XXXXXX7427;<br>(6) $6,000.00 IN FUNDS SEIZED FROM TD AMERITRADE INC. ACCOUNT NO. XXXXX9814;<br>(7) REAL PROPERTY LOCATED AT 1113 E. TYLER, ATHENS HENDERSON COUNTY, TEXAS INCLUDING ALL BUILDINGS APPURTENANCES, AND IMPROVEMENTS THEREON;<br>(8) 1.0 ACRE LOT ON CR 4805 HENDERSON COUNTY, TEXAS INCLUDING ALL BUILDINGS APPUTRENANCES, AND IMPROVEMENTS THEREON;<br>(9) REAL PROPERTY LOCATED AT 811 E. CLINTON, ATHENS, HENDERSON COUNTY, TEXAS, INCLUDING ALL BUILDINGS, APPURTENANCES, AND IMPROVEMENTS THEREON; | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 6:13-CV-00449-LED |

1

| | |
|---|---|
| **(10) REAL PROPERTY LOCATED AT 901 BUNNY RABBIT ROAD, ATHENS, HENDERSON COUNTY, TEXAS, INCLUDING ALL BUILDINGS, APPURTENANCES, AND IMPROVEMENTS THEREON;** | § § § § § § |
| **(11) 8.114 ACRE PARCEL OF REAL PROPERTY, HENDERSON COUNTY, TEXAS, INCLUDING ALL BUILDINGS, APPURTENANCES, AND IMPROVEMENTS THEREON;** | § § § § § |
| **(12) REAL PROPERTY LOCATED AT 6050 KENWOOD AVENUE, DALLAS, DALLAS COUNTY, TEXAS, INCLUDING ALL BUILDINGS, APPURTENANCES, AND IMPROVEMENTS THEREON;** **Defendant** | § § § § § § |

## ORIGINAL ANSWER OF DALLAS COUNTY, TEXAS, et al.

To The Honorable Judge Of Said Court:

Now Comes, **Dallas County, Texas, Parkland Hospital District, Dallas County Community College District, Dallas County School Equalization Fund, Dallas County Independent School District, and City of Dallas** ("Taxing Authorities"), and files its Original Answer to United States of America's Verified Complaint for Forfeiture ("Complaint") and would respectfully show the Court the following:

1. Taxing Authorities admit the allegations in paragraph 1 of the Complaint.

2. Taxing Authorities admit the Court has jurisdiction over this matter as alleged in paragraph 2 of the Complaint.

3. Taxing Authorities admit the Court has *in rem* jurisdiction over this matter as alleged in paragraph 3 of the Complaint.

4. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 4 of the Complaint, therefore they are denied.

5. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 5 of the Complaint, therefore they are denied.

6. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 6 of the Complaint, therefore they are denied.

7. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 7 of the Complaint, therefore they are denied.

8. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 8 of the Complaint, therefore they are denied.

9. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 9 of the Complaint, therefore they are denied.

10. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 10 of the Complaint, therefore they are denied.

11. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 11 of the Complaint, therefore they are denied.

12. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 12 of the Complaint, therefore they are denied.

13. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 13 of the Complaint, therefore they are denied.

14. Taxing Authorities are not required to admit or deny the allegations in paragraph 14 of the Complaint because they are statements of the Plaintiff's intentions, and not facts.

WHEREFORE, PREMISES CONSIDERED, Taxing Authorities pray that the Court

a. recognize the continued existence of and validity of the tax liens securing payment of the taxes, penalties and interest assessed by Taxing Authorities on the subject property;

b. order that taxes, penalties and interest owing to the Taxing Authorities be paid from the proceeds of the sale after the expenses of preservation of the sale and prior to distribution to any other claimant; and

c. for all further relief to which Taxing Authorities may be entitled.

Respectfully Submitted,

LORI GRUVER
ATTORNEY FOR TAXING AUTHORITIES

By:     */s/* Lori Gruver            ____
        LORI GRUVER
        State Bar No. 24007283
        LINEBARGER GOGGAN
        BLAIR & SAMPSON, LLP
        P.O. Box 17428
        Austin, Texas 78760
        (512) 447-6675 (Telephone)
        (512) 693-0728 (Facsimile)

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been filed electronically and is to be served by electronic transmission to all parties on the court's electronic mailing matrix on October 30, 2013

                                                /s/  Lori Gruver_____
                                                LORI GRUVER